Case 22-3240, United States of America v. William Bauer I will do it not to exceed 15 minutes per side Mr. Stiefel, you may proceed for the appellate You may proceed for the appellate whenever you're ready May it please the court, my name is Orville Stiefel and together with John Gibbons who is seated to my left we represent Dr. Bauer, the appellant in this case Thank you Very well I would like to reserve, I don't know if I still have to say this I'd like to reserve three minutes of my time for the debate Thank you Thank you We're here today to talk about three errors in the trial court Two of them came about after this case The notice of appeal was filed in this case and the Supreme Court decided Ruan v. United States A platonic, plate-shifting case that significantly changed the law surrounding Section 841 prosecutions So I assume that you know we have a very recent case called Anderson in our court It looks like maybe almost the same instruction The government filed a Rule 28 letter I don't see one from your side Am I missing it? You are not missing it We're here to talk about it today I have been arguing cases here for 35 years The benches are always hot You get peppered with questions before you even get the first statement out And I'm hoping that you would invite me into your confidence and tell me what's troubling you about this case Well, tell me why we're not bound by Anderson You're not bound by Anderson for a couple of reasons First of all, the jury was never advised in this case that they had to find that Dr. Bauer subjectively knew and intended to violate the law Okay, but sir, they were given what appears to be the same instruction On good faith In Anderson Right That's correct And, I mean, you could read What I The government has given us their reading of Anderson in some detail So they've got a head start on this And my question is I mean, so two things One could read Anderson to say this instruction actually complies with Ruan Maybe you could read it that way Number two In this case you jointly submitted the instruction whereas in Anderson the issue, I think, was preserved So you have, at best, a plain error standard here And so how can you show by plain error that how can you show this is a plain error in light of Anderson I guess is my just to be candid with you about my concern Because there was never the jury was never at any time told that they had to find that he subjectively knew and intended to violate the law that is to act outside the usual scope of ordinary of practice But weren't they told Weren't they given the same instruction in Anderson They were given the same good faith instruction But that's not enough The jury, just because they're given a good faith instruction they were never told that they had to subjectively find that he had violated that he believed and knew he had violated the law Please, you were on the case Go for it I mean, obviously, I agree with you But I was over I was the minority in Anderson But can you tell us specifically what what was how was Dr. Bauer's instruction different from the one that was given in Anderson The good faith instruction was basically the same Okay, I don't know whether in Anderson the court properly instructed the jury on the elements of the offense but the government wants to preserve wants to save the instructions in this case by saying they were told when the court instructed them on the elements of the offense the court instructed them that they had to find knowing and intentional conduct and that's the only time they were told that was with respect to the actus reus that he dispensed knowingly Okay They gave the same instruction as the elements I'm sorry They gave the same instruction as to the elements On the elements I'm quite sympathetic to your your critique of the instruction here but we also have this Anderson case Well, then the practice in this court is for this panel to possibly reach a different decision and it goes for unbanked decision That's not the practice of this court It's not here? No, we can't do that, basically I mean, if we can distinguish it that the government's given us a reasoned argument as to why they think it's not distinguishable and I guess that's what we're soliciting I mean in that case, the instruction albeit, I think, part of the good faith thing but the court said Hey, the instruction says that the jury must find that the defendant knew or intended that he was prescribing the controlled substances without a legitimate medical purpose I think the instruction here said the same thing The instruction here said the same thing, right? What I recall the instruction is saying was that he had to the good faith instruction was that he had to act as a hypothetically reasonable doctor would have done and if he had and that is explicitly rejected by Ruan Well, I guess we'll try to figure out whether the instruction here contained that same language but frankly, this is why it would be nice to have gotten a Rule 28 letter where we're not trying to sort this out for the first time talking Judge my son, who's 47 years old was diagnosed with a 95% blockage of his descending left aorta I've been in Florida dealing with family problems there's simply no time to do this and I apologize All right Well, okay I'm sorry about that situation It doesn't We're just trying to find the right answer here and we're a little bit behind the curve right now In any event there was with respect to there was even at that avoiding the instruction here there was simply no evidence in the record of this case from which a rational jury could have found that Dr. Bauer knowingly and intelligently intended to violate the law intended to act outside the scope of legitimate medical practice That's a pretty tough argument I know it is I read your brief I'm sorry I read your brief and the concern I have and I'm just being candid with you is that circumstantial evidence can prove intent If they show a large enough departure from what's called the standard of care then that's probative of whether he knew he was acting without authorization There were some big warning signals here that he did not seem to react to and so you know such as his patients reselling pills his patients I don't know there's like three or four things about you know the pharmacies wouldn't fill the scripts anymore The Jackson standard is pretty tough to meet and they have some pretty good circumstantial evidence is my concern with that With respect to the pharmacies the pharmacies themselves were under prosecution by the government at that time and they were taking a hands-off position on all of this stuff It wasn't all of the pharmacies it was the big pharmacies His prescriptions were still being were still being filled by pharmacists He was not making any money off of this stuff Understood That's a good fact for you I mean all of these patients were legitimate paying patients They had been referred to him by other doctors who had vetted them and sent them to Part of the problem the standard of treatment here the authorized knowledge related to the standard of treatment because isn't there a requirement that in prescribing ascending in strength opioids or other painkillers that there is a need for improvement in the patient and his own medical records which he extensively there's no question he extensively wrote into the medical records but it did not show this is part of the circumstantial evidence that did not that showed that there was knowledge of a lack of authorization because it failed to meet that standard The improvement, your honor was in the fact that these people could function under his treatment They suffered from chronic pain These are people who had been victims of botched surgeries of industrial accidents Nothing was ever going to make the pain go away They had had pain for years A lot of these people were suicidal when they came to Dr. Bauer He kept them alive The problem is the evidence there that the statement that the standard of care was to bring them to more functionality but the medical records did not show that it brought them to more functionality and in fact two died of overdoses Isn't that what the record shows? The record showed that the one died of an overdose the other one didn't die of an overdose the other one died of acute alcoholism and started shooting the family dog He was not on drugs at the time that that happened He was not taking the prescription drugs He was taking prescription but there were no drugs in his system What he had been doing he had been on the bottle for three days When he went off The other woman The other woman was being treated by a psychiatrist and the psychiatrist prescribed the antidepressant drug after Dr. Bauer had prescribed a 90-day supply of opioids which she could only get in 30-day intervals That was what the record showed Law enforcement told Dr. Bauer on one occasion that it thought one of his patients was selling medication one of these 14 people On another occasion he was told that somebody was asking to buy pills from another patient in the parking lot and he didn't do anything Why can't a jury infer that he knows he doesn't have authorization to be giving those people more opioids? To the contrary, Your Honor Dr. Bauer had a retired FBI agent working for him that handled all of these cases went out and talked to these people reported back He got them in treatment He got them in psychotherapy if they needed it They were no longer eligible to get narcotics from him until they took care of those problems and they got some lesser non-controlled substance to tide them over during that time period You know how hard the Jackson Standard is here Yes I do Yes I do And you've left out I'm not trying to pour gasoline on your fire but you've left out a part of it which is the winning party, which is the government is entitled to the best view of the evidence on appeal and all factual issues are resolved and they're favoring against me I've got it Okay Now I understand that but Your Honor what you've got here is you've got a circumstantial case and there is what's lacking is there is that something else that would have indicated to him that he was doing something wrong This is a man who openly taught at the medical school in Toledo his method of high milligram morphine equivalent dosages of narcotics along with other drugs called polypharmacy He was openly teaching that The whole community in that area knew what he did and they referred him difficult patients that required this kind of hands-on prescribing to patients Patients had his cell phone number They could call him at any time Okay Why don't you, sir If you want the three minutes rebuttal Why don't you wrap up in 60 seconds Oh, I'm sorry, please Judge White Do you want to address the witness issue your client's ability to testify as an expert? That was the other thing If standard of care is going to be a proxy I mean circumstantial evidence of intent then you at least have to allow the defendant to rebut that We presented several witnesses When the government didn't like our nurse practitioners and other non-M.D. witnesses we gave them three M.D. witnesses The court rejected all of these didn't let any of them testify save and except one, Dr. Hill who was never intended to carry the whole burden in this case by himself Other witnesses were going to come and lay the foundation for him for him to be a summarizing witness at the end We weren't allowed to have any of them testify Well, I mean the district court gave specific reasons as to each of these experts why the court thought they were not It wasn't just about qualifications That's the easy part of Rule 702 The court gave specific reasons about why he doubted whether they had relevant testimony Some of them because they didn't know anything about the particulars of his prescription practices with these 14 people The problem I have is that in your brief you don't give us any specific reasons as to why the reasons the district court offered for each expert were wrong It's just kind of a broad stroke They're experts It's about the standard of care They should be able to testify The district court went into more detail than that and the blue brief doesn't The only relevant issue that the court The only issue the court could rule on in Daubert was whether they were minimally qualified No, that's not right Well, that's the argument If they're minimally qualified they should be allowed to testify especially in a case where good faith everybody thought was going to be an issue and where we're now in the post-Ruan era where the issue is, did he subjectively know? Okay, so at this point I think I'm going to give you 60 seconds so that you have your rebuttal time Okay, thank you Sure Maybe an extra minute Did he misunderstand that? That's okay Sir, I was going to give you a minute if you wanted to wrap up that part but you don't have to All right, thank you We'll hear from Ms. McMullen Ford Good morning, Your Honors May it please the court Laura Ford on behalf of the United States Mr. Bauer was tried, as this court knows, before Ruan but he nevertheless received instructions that sufficiently comported with Ruan As the court is aware, we filed a 28-J letter regarding the Anderson decision in which the majority found that the pre-Ruan instructions that discussed the elements of the offense paired with deliberate ignorance instruction sufficiently comported with Ruan on the legitimate medical purpose element This case has everything that Anderson had but went a step further by further specifying that the Knowing Act cannot be done by mistake or accident which we believe sufficiently addresses the concern that the deliberate ignorance instruction implies rather than informs the jury that it must find that the prescriptions were without a legitimate medical purpose I think the instructional issue is maybe the most challenging for the government I mean, Anderson is a big assist for you guys but Anderson didn't... So, candidly, I see a couple problems I mean, this instruction if it were a clean slate I think it's pretty hard to square with Ruan One of the reasons is that as to the elements the district court the district court instructed the jury that they must find, as a second element defendant acted knowingly in distributing and dispensing these controlled substances So he had to know that he was dispensing controlled substances as opposed to Tylenol And then the third element which is, you know, the whole fight in the case and this is what it said defendant's act was not a legitimate medical purpose was not for a legitimate medical purpose in the usual course of his professional practice and so the word that's missing there is knowingly and that's a pretty big omission and this Anderson case didn't seem to take that issue on directly it just dealt with the good faith business Well, and I think the Anderson case kind of, you know combined the first two elements that we have ours was broken up into three elements Anderson was really two but, I mean, the second element for ours was the defendant acted knowingly and then it kind of, it links that second element by saying that the defendant's act was not for a legitimate medical purpose I understand that that's pretty subtle for jury instruction on the most, on the thing that the whole trial is about this sort of implied you know carry over I mean, I understand what you're saying And I understand Yeah, go ahead And, you know, if that's all we had then it would be a much more difficult case for the government but we didn't just have that we had the deliberate ignorance instruction that Anderson had we also specified that there couldn't be it couldn't be a matter of mistake or accident plus we also have the good faith instruction that Anderson didn't receive Bauer specifically requested a good faith instruction that he now complains is plainly erroneous and that good faith instruction specifically defined good faith in subjective terms by saying that it means that the defendant acted in accordance with what he reasonably believed was proper medical practice That's the word reasonably is the problem there I think this is the like a bad, affirmatively bad part of the instruction for the government Well, I You know, I think it defined two different concepts You look at the way it's structured The first paragraph where it's defining it I would suggest is in subjective terms and Judge White, I know I understand your concern about the deliberate ignorance instruction only This instruction had been previously looked at in the Godofsky case which was discussed in the Anderson dissent and was found to be a subjective instruction and was denied and this court affirmed the refusal to give that instruction in kind of a pre-Rwan landscape because it said it was an incorrect statement of law because it was subjective It looks like a reasonable doctor standard to me I'm both wrongs And I understand the concern there, Your Honor but I think that that reasonable goes back to that deliberate ignorance instruction It says that, you know, you can't ignore the obvious You can't escape criminal liability by ignoring the obvious The obvious in this case, and I'll get to that but was what he was documenting in his own patient's medical charts that police are reporting that his patients are diverting controlled substances In a case like this, okay you have a doctor who his entire career has been in treating pain He didn't just open a pill mill It has none of the indicia of a pill mill He's got, I don't know how many patients in their 12 that you can find something on And he has taught the very principles that he is using in his practice And he's also keeping, you know, copious patient notes And one has to wonder whether if this jury was given the question directly Did Dr. Bauer know or intend to be prescribing these medicines outside the medical practice or whatever it calls for whether they would have answered it that way If they understood it was a subjective question Did this man believe he was violating the law or did he believe he was permissibly treating his patients Not whether it was reasonable or whatever This is a case where it might have made a difference And it didn't help that the jury was told that he wasn't testifying as an expert In the sense that they couldn't rely or take They couldn't attach any weight to the fact that he's been at the forefront of pain management all these years Well, Your Honor, I don't believe it would make a difference at all I guess there's a lot to cover there But, you know, this good faith instruction had two components And that first component, I would suggest, sufficiently captures what the jury needed to find on the knowledge requirement Because it was tethered to a subjective standard that asked the jury to decide what Bauer believed when he was prescribing these controlled substances What he reasonably believed Because it has to be something that you can't ignore the obvious That's a gloss What you're saying is totally coherent to us lawyers But you're asking the jury to look at reasonable as a term of art In light of another deliberate instruction Or ignorance instruction As opposed to just reasonable Like, you know, it has to be reasonable Like reasonable person And it seems almost fictive to think a jury is going to be this sophisticated And saying, defendant's act, oh, that's an act that was knowing And so now it has to be knowing I just don't see juries doing this There's no question that these are not the instructions we would give today Sure But what is there is sufficient to And has enough of what Ruan requires By directing the jury's intention to a subjective inquiry About what he was thinking Did he believe that this was for a proper medical purpose And I would say that the fact that there was objective language When the court says good faith also means That's a secondary definition that the court gave And it's really kind of irrelevant Because what the jury received here, which is unlike Ruan and Kahn on remand Is that there's an instruction that says If you find that he acted in good faith, you cannot convict You have to find not guilty Mixed signals here It's not if he believed That's not what they were told They were told if he reasonably believed And you start getting into a standard of care issue And that's what Ruan didn't want To be convicting doctors on standard of care issues Well, we still look And I understand that concern But we still look at objective factors And the objective factors come from his own medical records But they're not enough That's what Ruan tells us If the jury's properly instructed Of course they can look at objective factors and say He knew, you know, at all the evidence But I mean, this looks like gross negligence, arguably And that's not enough to convict, right? And the jury was specifically instructed That that is not enough to convict That this isn't about medical malpractice And they're not mutually exclusive But the jury was told You cannot convict about negligence That's not what this case is about It's not about mistake And it is his burden to show Unlike these other cases And Anderson, I think, is less strong I think we have a stronger instruction Because he received the good faith instruction that he asked for But it is his burden to show That there's a reasonable probability The buck for this instruction It was the same good faith instruction, wasn't it? That first component was the exact same instruction That Anderson was denied Which part? I've been trying to redline these two So I would direct the court's attention to Page ID 6019 And I'd say lines 1 through 8 How does it start? I don't have it The good faith means good intention It's an honest exercise That goes from 1 to 8 Then there's an additional instruction about good faith also means And that's where you get into the objective language Which one's not in Anderson? I don't believe that starting with good faith also means Like maybe line 9 through 16 It's not a huge point But I almost just think throwing in more talk About objective and reasonable doctor The more the jury hears that Even though we see it and it says It also means it's something different It's sort of this mantra of reasonable and objective And that's not too helpful here I think that the reason why that doesn't make a difference here Because you're just giving a secondary definition But it doesn't mean Like when you're looking at a dictionary You're looking at something that has two different meanings It doesn't mean that that negates that first definition That first definition is still valid And it basically Like when you look at the bottom of the page It says if you find the defendant acted in good faith You have to find that he was not guilty So the jury is told that If they find under either theory they can't convict him And the jury necessarily rejected both Including the invalid theory now that we know On the objective component But your honors He hasn't shown that there's a reasonable probability But for the instruction that the result would have been different Based on his own medical records I'd say 9 out of the 14 It goes to the standard of review Yes your honor And I'd say the evidence was overwhelming There's no reasonable jury that would find that these prescriptions Were for a legitimate medical purpose When you have 9 out of the 14 patients That's the objective standard But the question is whether Dr. Bauer And frankly he's in his 80s Whether he subjectively knows That this script I'm writing Has no lawful basis He subjectively knows when he's documenting in his medical records That police are calling him and saying That I think your patient is diverting the controlled substance A reasonable doctor would know you could argue that But Judge White makes the point He doesn't make a dime off of any of this There's no motive discernible whatsoever Unless he's a psychopath which obviously he's not There's no motive And he's got 30,000 pages of files Or 3,000 whatever it is Why would he be doing that If he thinks it's unlawful There's just no indication It looks like gross negligence At least for this harmlessness thing It's more than that your honor I mean he declined to call police When he knows that the facility is calling And saying your patient isn't getting the controlled substances And he still is prescribing these None of his patients are getting better And he knows it It's all documented All that comes from his own notes He knows it subjectively knows These are all people who were referred from other doctors These aren't people coming in off the street Right? I mean Well basically it's not a pill mill There's no question that it's not remotely a pill mill Does it matter that the good faith Is presented as a defense With the two categories of reasonableness Of knowledge Objective and subjective knowledge Does that make any difference to your argument No it doesn't make a difference Because that first component sufficiently Directs the jury's attention To what his knowledge was It focuses the jury on deciding Whether or not he believed That these prescriptions Were proper medical practice The fact that there was objective language Is irrelevant It's a secondary definition And the jury necessarily rejected both Because they said if you find That he acted in good faith Which includes whether or not he believed it was For proper medical It was part of proper medical practice They couldn't convict By returning guilty verdicts They necessarily rejected both theories So the fact that you have this no longer valid Objective language in there Really doesn't make a difference Because the jury was told to look at what he believed And they rejected that it was in good faith Correct your honors? Yes, but going back to You can't just ignore what the obvious was Including police reports Facility reports, pharmacies That are saying We're concerned about all these early refills We're concerned about the high Reliance on The clearly expressed legal right To rely on circumstantial evidence Is this where you think the two fit together? The ability to look at the circumstantial evidence And conclude On the basis of all the instructions That they knew he subjectively Knew And subjectively intended To engage in unauthorized practice The strongest evidence came from his own medical charts And not wanting to call police Saying that's not my job Saying I would cut people off if I thought they were Diverting or selling their controlled substances When he knew that they were and he didn't do it He didn't cut them off So the strongest evidence, yes, is circumstantial But it's his own documentation in the medical records And I see I'm Sorry, one other question She's tough, right through it Perseverance Do you agree plain error is judged As of today The law as of today Which includes Ruan and Anderson I'm sorry, I didn't understand that Do you agree This was a jointly submitted instruction Request Standard is plain error Do you agree that plain error Is judged at the time of our appellate decision Yes Ruan applies We're bound by the law now Okay, I wanted to make sure Okay, thanks for your arguments Appreciate your assistance here And Mr. Stifel, you have your time Thank you, your honor You're correct It requires simply too many mental gymnastics To take the language out of the good faith instruction And say that that was the equivalent of telling the jury That they had to find that he subjectively knew And understood that he was violating Juries aren't set up to do that They listen to every word out of the judge's mouth And when the judge isn't speaking plainly in a jury charge They're not going to put it together for him And if I could have the 60 seconds before To address something And I realize she didn't get a chance to address the experts Judge, at least 6 of these experts That we proffered, who were not allowed to testify 6 of them Were DEA registered to prescribe narcotics They didn't know about these patients It's not about qualifications That's not what the court had a problem with It's whether the testimony is relevant To the validity of these scripts for these people And they didn't know anything about these people But they reviewed the records The methodology was the same methodology that the government's expert used The government didn't know anything about these patients Respectfully, there's no proffer Where after they had gone through the records You could have probably laid the foundation you needed to But it never happened The proffer was in the witness summaries that were provided to the court The witness summaries, which I've seen And they're pretty long for 16b That's changing soon They're not reports, they're summaries They're pretty long But the problem that the district court identified is Most of these people don't know anything about these files And this brief does not give us any specific reason Why the district court abused its discretion By that reason So it's just sort of an absence of argument That's the problem here And the district court abused its discretion Because the witness summaries They all testified They were all prepared to testify That what Dr. Bauer did fell within the standard of care It was well within the standard of care Ballgame over The judge has to let the jury hear that And these guys, I'm using the minimally My struggle is that the argument relies on the fact That the proffered experts were DEA registered And if that's the standard Doesn't that completely eliminate The district court's role as a gatekeeper Anybody who's DEA registered Automatically has the required credentials And that's the argument And I don't think that comports with the law That the district court is the gatekeeper Isn't that the problematic analysis Is that it relies on DEA registration Are you talking about The six who weren't medical doctors Who were DEA registered Because if they were DEA registered They have to know what the standard of care is Or they're subject to the same criminal penalties That Dr. Bauer was What more of a motive do they have to know About the standard of care One question It's really just a matter of curiosity Your client, I believe now is 85 years old Is he currently in prison Is your client currently in prison He is, he served about shy of a year And you have an appeal with an instructional issue That's serious Did you ever seek his release pending appeal In the district court The judge did allow him There was almost a year between the date of conviction And sentencing It was over the government's strident protest Was there a motion to let him stay out pending our decision No That's a remarkable omission It might provide grounds for an ineffective assistance account I don't know about that I can't really get that time back We will give this case very serious or careful consideration We thank you both for your arguments Case to be submitted